**Carlos Eduardo DUQUE–JARAMILLO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney * General, Respondent.**

No. 05–74745.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 **.

Filed Dec. 28, 2007.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Anh–Thu P. Mai,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Pursuant to Fed. R.App. P. 43(c)(2), Michael B. Mukasey is substituted for his predecessor,

Alberto R. Gonzales, as Attorney General of the United States.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM ***

Carlos Eduardo Duque–Jaramillo, a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and denying his motion to reconsider. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252(b). We review for substantial evidence the agency's factual findings, *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001), and review for abuse of discretion the denial of the motion to reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's finding that Duque's asylum application was untimely. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007). Duque did not raise the due process claim before the BIA, so we lack jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir.2004).

The BIA did not make an explicit adverse credibility determination, so we must take Duque's factual contentions as true. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000). However, even taking all his factual contentions as true, Duque is not eligible for withholding of removal because he did not "demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds." *Al–Harbi*, 242 F.3d at 888.

Further, Duque has not demonstrated that he is entitled to protection under the CAT because he has not established that if removed he would more likely than not be tortured. *See* 8 C.F.R. § 208.16(c).

Finally, the BIA did not abuse its discretion when it denied Duque's motion to reconsider. Because Duque was attempting to present new evidence, the BIA properly treated it as a motion to reopen and applied the motion to reopen evidentiary standard. *See Iturribarria v. INS*, 321 F.3d 889, 896 (9th Cir.2003); 8 C.F.R. § 1003.23(b)(3). The BIA correctly refused to accept the documentation because Duque did not show that the material was not available at the time of the original hearing. *See* 8 C.F.R. § 1003.23(b)(3).

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

